**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TOMMY CRAWLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-CV-0411-CVE-PJC |
| | ) |
| DR. PAUL JOHNSON; et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 civil rights action. Plaintiff appears *pro se* and asserts nine (9) claims against Defendants, all employees of the Oklahoma Department of Corrections ("DOC"). Presently before the Court is the motion to dismiss/motion for summary judgment filed by Defendants Johnson, Sutmiller, Sirmons and Lemmons (Dkt. # 22). Defendants submitted a Special Report (Dkt. # 21) as directed by the Court. Plaintiff filed a response in opposition to the motion to dismiss/motion for summary judgment (Dkt. # 31) and Defendants Johnson, Sutmiller, Sirmons and Lemmons filed a reply (Dkt. # 32). Also before the Court is Plaintiff's second motion for appointment of counsel (Dkt. # 35). Defendants filed a response in opposition to the motion (Dkt. # 36). For the reasons stated below, the Court finds the motion for summary judgment filed by Defendants Johnson, Sutmiller, Sirmons and Lemmons shall be granted and Plaintiff's motion for appointment of counsel shall be declared moot.

By Order filed April 14, 2005, the Court extended the time for service on Defendant Johanna Blanco, pursuant to Fed. R. Civ. P. 4(m), an additional thirty (30) days. See Dkt. # 28. Plaintiff has failed to file an executed return of service as to Defendant Blanco. As more than fifteen (15) months have passed since Plaintiff filed the returns of service for the remaining four (4) defendants and the

deadline imposed by the April 14, 2005, Order has passed, the Court finds Plaintiff has failed to effect service as to Defendant Blanco and she shall be dismissed without prejudice from this action for that reason.

## *BACKGROUND*

Plaintiff's claims arose while he was housed at Dick Conner Correctional Center ("DCCC") and relate to medical treatment he received for an injury to his ankle sustained on July 9, 2002. He claims that the defendants subjected him to needless pain and suffering in violation of his constitutional rights and retaliated against him for complaining about inadequate pain medication. He seeks relief under 42 U.S.C. § 1983, 28 U.S.C. § 1343(a)(3), 42 U.S.C. § 1985, 42 U.S.C. § 1988, the American with Disabilities Act ("ADA"), and state law. Plaintiff initiated medical grievance procedures within the prison to obtain relief for some of his complaints, but the record and the exhibits attached to Plaintiff's complaint and his response reflect that he did not exhaust his administrative remedies insofar as they relate to his retaliation claim. Accordingly, his complaint shall be dismissed without prejudice.

On May 14, 2004, Plaintiff filed the instant civil rights action, alleging that Defendants interfered with his constitutional rights as follows:

Count 1: Plaintiff's 8th Amendment right to be free from the wanton infliction of pain was violated by Defendant Johnson when he "refused to comply" with the specialist's "order" for the pain medication OxyContin in July 2002.

Count 2: Defendant Sutmiller did not follow orders of orthopedic specialist in July 2003.

Count 3: Defendants Johnson and Sutmiller refused to follow orthopedic specialist's order for OxyContin and egg crate mattress cover and surgery in April 2004.

Count 4:   Defendant Johnson was deliberately indifferent to Plaintiff's medical needs when he failed to treat Plaintiff for staff (sic) infection between July 2002 and July 2003.

Count 5:   Defendant Johnson was deliberately indifferent to Plaintiff's medical needs when he removed Plaintiff's wheelchair and required Plaintiff to bear weight on his ankle.

Count 6:   Defendant Sutmiller refused to implement pain treatments ordered by a specialist in April 2004.

Count 7:   Defendants Sirmons and Lemmons did not insure that orders from medical specialists were followed and refused to return Plaintiff to a specialist "until the Defendants receive their new fiscal allotments of monies."

Count 8:   Plaintiff was subjected to "cruel and unusual punishment" and wanton infliction of pain because all defendants and "other committee members" conspired to deny him various medical treatments or delayed the treatments pending a meeting.

Count 9:   Retaliation for complaining for stronger pain medications by issuing a misconduct on July 28, 2002, for possession of contraband.

Plaintiff seeks declaratory and injunctive relief, together with compensatory and punitive damages, costs and attorneys fees.

In the pending motion to dismiss/motion for summary judgment, Defendants claim that Plaintiff has failed to exhaust his administrative remedies under 42 U.S.C.§1997e for his claim of retaliation because he never filed a grievance asserting retaliation. Alternatively, they argue that Plaintiff's claims are without merit. Defendants also contend that Plaintiff has failed to show he is entitled to declaratory or injunctive relief and that, as employees of DOC, they are entitled to qualified immunity. Insofar as the Defendants acted in their official capacities, they assert immunity under the Eleventh Amendment. Defendants urge this Court to dismiss the lawsuit or grant them summary judgment on Plaintiff's claims.

*ANALYSIS*

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires inmates to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. Booth v. Churner, 532 U.S. 731, 740-41 (2001); Yousef v. Reno, 254 F.3d 1214, 1216 n. 1 (10th Cir. 2001). "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003) (internal quotation and citation omitted). In a § 1983 action, the burden is on the prisoner to sufficiently plead exhaustion of administrative remedies under § 1997e(a), which includes supplying supporting information or documentation of the exhaustion of his prison grievance proceedings. Id. at 1209-10. In addition, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). Also, the PLRA contains a total exhaustion requirement, and "the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice." Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

Defendants assert that Plaintiff has not exhausted his administrative remedies as to the claim of retaliation in Count 9 of the complaint (Dkt. # 22 at 11). Plaintiff responds that he exhausted his administrative remedies by filing a grievance and appealing the decision as evidenced by his exhibit # 3 attached to the response (Dkt. # 31). Defendants reply that Plaintiff's Exhibit # 3 "merely demonstrates that he appealed his misconduct conviction for Possession of Contraband through the disciplinary process" but does not contain an allegation of retaliation. See Dkt. # 32 at 3-4.

Upon careful review of all information and documentation provided by Plaintiff, including his complaint, exhibits to the complaint, his response and exhibits to the response, the Court finds that Plaintiff has failed to present any evidence demonstrating that he filed a grievance alleging retaliation by any of the defendants. Accordingly, the Court finds that Plaintiff has failed to exhaust his administrative remedies for this issue as required by the PLRA. As a result, Defendants' motion for summary judgment based on failure to exhaust administrative remedies shall be granted and Plaintiff's complaint shall be dismissed without prejudice. See Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004). Both Plaintiff's motion for appointment of counsel and Defendants' motion to dismiss shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendant Blanco is **dismissed without prejudice** based upon Plaintiff's failure to effect service pursuant to Fed. R. Civ. P. 4.

2. Defendants' motion for summary judgment based on failure to exhaust administrative remedies (Dkt. # 22) is **granted**.

3. Plaintiff's claims against Defendants Johnson, Sutmiller, Sirmons and Lemmons are **dismissed without prejudice** for failure to exhaust administrative remedies.

4. Defendants' motion to dismiss (Dkt. # 22) and Plaintiff's second motion for appointment of counsel (Dkt. # 35) are **declared moot**.

5. A separate Judgment shall be filed in this matter.

**IT IS SO ORDERED** this 22nd day of February, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT